No. 12,211.

# BURTON v. THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

LIFE INSURANCE.—*Action Upon Policy.*—*Complaint must Show Insurable Interest.*—A complaint upon a policy of insurance, issued to the plaintiff upon the life of another, is bad if it fails to aver that the plaintiff had an insurable interest in the life of the person insured.

SAME.—*Grandfather and Grandchild.*—*Insurable Interest.*—As a rule, a grandfather is under no legal obligation to support or provide for his granddaughter, and in an action by the latter upon a policy of insurance issued directly to her upon the life of her grandfather, the court can not infer, as a matter of law, from an averment of the relationship between the parties, such an insurable interest in the life of the grandfather as will uphold the policy.

SAME.—*Facts Dehors the Policy.*—*Showing of.*—One who accepts a policy of insurance issued to him upon the life of another, will not be permitted to allege and prove an existing state of facts *dehors* the policy to control its legal effect.

From the Vanderburgh Superior Court.

*C. L. Wedding, F. M. Finch* and *J. A. Finch*, for appellant.

*A. Gilchrist* and *C. A. DeBruler*, for appellee.

BERKSHIRE, J.—The complaint is in two paragraphs, to both of which demurrers were filed and sustained, and judgment rendered against appellant for want of a complaint.

The errors assigned bring in review the ruling of the court below sustaining the demurrers to the paragraphs of the complaint.

The foundation of the action is a policy of insurance issued and made payable to the appellant directly by the appellee, upon the life of one Willard Carpenter. The policy recites the payment of the advanced premium by the appellant, and her promise to pay future premiums, as therein stipulated, as the consideration for the execution of the policy. There is an allegation in the paragraphs of com-

plaint that, when the policy issued, the appellant was but six years of age, and that Willard Carpenter, the insured, was her grandfather, and, desiring to make provision for her, he procured from the appellee, for a valuable consideration, the policy sued upon, and that it was his intention that she should occupy the place of a beneficiary, or appointee, and receive the proceeds when payable.

Conceding all that is stated in this allegation to be true (and if material the demurrer admits its truth), the facts thus stated can not influence the rights of the parties under the policy. When the appellant accepted the policy and undertook to enforce it, she accepted it as written, and will not be permitted to allege and prove an existing state of facts *dehors* the writing to control its legal effect. This is a proposition so well authenticated that we do not deem it necessary to cite authorities.

There is no allegation in either paragraph of complaint to show that the appellant had an insurable interest in the life of her grandfather. Such an allegation is necessary to a good cause of action. *Continental Life Ins. Co.* v. *Volger*, 89 Ind. 572. In that case the relationship was one degree nearer than in the present case, the policy having been issued to the daughter upon the life of her mother.

In *Freeman* v. *Fulton Fire Ins. Co.*, 38 Barb. 247, the court says: "It must be considered well settled at present that at the common law, as well as under the statute of betting and gaming, a policy of fire insurance is void, unless the party insured has at the time an insurable interest in the property insured. It follows that a complaint in an action on the policy must contain an averment of such an interest, in order to sustain a cause of action." May Ins., section 587; *Ruse* v. *Mutual Benefit Life Ins. Co.*, 23 N. Y. 516.

In *Singleton* v. *St. Louis Mut. Ins. Co.*, 66 Mo. 63, the following instruction was asked by the defendant and refused by the trial court: "That to entitle the plaintiff to recover in this action, he must show some insurable interest in the

life of John T. Anderson, the insured, and that in the absence of any evidence, showing, or tending to show such insurable interest, the jury must find for defendant." After a discussion of the question presented by this instruction, the court says: " The court below erred in refusing to give defendant's tenth instruction, and for that error the judgment must be reversed." The foregoing was an action upon a life policy issued to an uncle upon the life of his nephew. See *Guardian, etc., Ins. Co.* v. *Hogan*, 80 Ill. 35 (22 Am. Rep. 180). In the latter case the relationship was that of father and son.

As a rule, a grandfather is under no legal obligation to support or provide for his grandchild, and though the relationship may be stated in the complaint, from this fact alone the court can not, as a matter of law, infer such an insurable interest in the life of the grandfather as will uphold a policy issued upon his life directly to the grandchild.

In *Rombach* v. *Piedmont, etc., Ins. Co.*, 35 La. Ann. 233 (48 Am. Rep. 239), the court says: " The insurable interest in the life of another is a pecuniary interest. A policy of insurance, procured by one for his own benefit upon the life of another, the beneficiary being without interest in the continuance of the life insured, is against public policy and therefore void. * * The books formulate the general principle somewhat in this way: When the insurable interest arises, or is implied from relationship, it will be deemed to exist when the relationship is such that the insurer has a legal claim upon the insured for services or support. * * Thus it has been held that a sister had an insurable interest in the life of her brother, where the fact was that she had been supported by him (*Lord* v. *Dall*, 12 Mass. 115), and a father in the life of his minor son, because entitled to his earnings (*Mitchell* v. *Union Life Co.*, 45 Maine, 104) ; but that he has none from mere relationship to a son (*Halford* v. *Kymer*, 10 B. & C. 724), nor does the mere rela-

tion of brother suffice to furnish an insurable interest. *Lewis* v. *Phenix Ins. Co.,* 39 Conn. 100."

In accordance with this doctrine, it has been decided in Pennsylvania that a son has an insurable interest in the life of his father, because under the poor laws of that State there is a legal liability resting upon the son for the maintenance of the father, when the latter is unable to work. *Reserve Mut. Ins. Co.* v. *Kane,* 81 Pa. St. 154 (22 Am. Rep. 741). See *Keystone, etc., Ass'n* v. *Norris,* 115 Pa. St. 446 (2 Am. St. Rep. 572).

To the same effect is *Warnock* v. *Davis,* 104 U. S. 775. Judge FIELD says : "It is not easy to define with precision what will in all cases constitute an insurable interest, so as to take the contract out of the class of wager policies. It may be stated generally, however, to be such an interest, arising from the relations of the party obtaining the insurance, either as creditor of or surety for the assured, or from the ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of his life. It is not necessary that the expectation of advantage or benefit should be always capable of pecuniary estimation ; for a parent has an insurable interest in the life of his child, and a child in the life of his parent, a husband in the life of his wife, and a wife in the life of her husband. The natural affection in cases of this kind is considered as more powerful—as operating more efficaciously—to protect the life of the insured than any other consideration. But in all cases there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of the assured."

In commenting upon the rule as laid down by Judge FIELD, the annotator, in a very full and able note to the case of *Morrell* v. *Trenton, etc., Ins. Co.,* 10 Cushing, 282, and found in 57 Am. Dec. 92, says : "If we correctly understand the doctrine here laid down, it amounts simply to this, that an

Burton *v.* The Connecticut Mutual Life Insurance Company.

insurable interest in another's life need not be pecuniary in the sense of being susceptible of definite 'pecuniary estimation,' nor in the sense of being founded upon any mere pecuniary relation, but that it may rest solely upon ties of blood or affinity, and yet that the mere existence of such a tie is not of itself sufficient to constitute an insurable interest, but that the tie must be such as to give reasonable ground for an expectation of benefit or advantage from the continuance of the life. By 'benefit or advantage,' in this connection, we understand that it must be a material or physical 'benefit or advantage.' That is to say, a mere sentimental benefit, arising from a gratification of the affections by the prolongation of the life assured will not suffice. The expected benefit must consist in service, maintenance, or the like. This is equivalent to saying that it must be a pecuniary benefit, as distinguished from a mere sentimental or moral gratification. Thus understood, the doctrine of these cases, which professedly reject the test of pecuniary interest, is not substantially different from that held in other cases."

If the policy had issued to Willard Carpenter and recited an agreement on his part to pay the premiums, the appellant being named therein as the beneficiary, or appointee, to receive the proceeds, or had it issued to him and the proceeds been made payable to him or his assigns, and thereafter assigned to the appellant, we would have for our consideration a very different case than the one before us. In that kind of a case the question of insurable interest could not arise, for every person has an insurable interest in his or her life. *Elkhart Mut., etc., Ass'n* v. *Houghton,* 103 Ind. 286; *Provident L. Ins. Co.* v. *Baum,* 29 Ind. 236, and cases belonging to the same class, are not in conflict with the conclusion we have reached.

Judgment affirmed, with costs.

Filed May 29, 1889.