## NEWMAN *v.* BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES.

No. 8252. DECEMBER 17, 1931.

*A. B. Conger,* for plaintiff.

*John R. Wilson* and *W. H. Miller,* for defendant.

HILL, J. Lillian L. Newman brought suit against the Benefit Association of Railway Employees on a contract of accident insurance, issued on the life of her husband, Thomas Newman, naming his wife as beneficiary, and providing that if the insured, during the life of the policy, came to his death through external, violent, and accidental means, the insurer would pay to the named beneficiary two thousand dollars. It was alleged that on November 19, 1928, the insured lost his life by drowning in Flint River in Decatur County; and that proof of death was duly made in compliance with the terms of the policy. The defendant filed a demurrer on the ground that under the facts alleged the plaintiff was not entitled to recover. The trial court sustained the demurrer and dismissed the action. The Court of Appeals affirmed that judgment. 42 *Ga. App.* 342 (156 S. E. 284). Writ of certiorari was granted on the judgment of the Court of Appeals.

We are of the opinion that the allegation in the petition that the insured met his death by "drowning" is not the equivalent of alleging that the insured met his death from "accidental drowning," and of an allegation that the death of the insured was caused "solely through external, violent, and accidental means," within the meaning of the accident policy, which was the basis of the suit. The case here is on petition and demurrer. Pleadings should be construed most strongly against the pleader. The presumption that an unexplained drowning is accidental is a rule of evidence, and does not apply on demurrer. If "accidental drowning" had been alleged, the plaintiff could, by the aid of proof of facts and circumstances surrounding an unexplained drowning, have made out his case. See cases cited in note to 42 L. R. A. (N. S.) 635; 18 A. L. R. 1190; 1a C. J. 495 (K). But the petition in the present case did not do this. It merely alleged that "the insured met his death by drowning," and this is not sufficient. The mere allegation of the fact of "death" does not create any presumption that it was the result of an accident. 1 C. J. 495. See *Ætna Life Ins. Co.* v. *Johnson,* 24 *Ga. App.* 431 (3, 4) (101 S. E. 134). Nor does an allegation that death was caused by "drowning."

■ The second division of the opinion of the Court of Appeals is as follows: "Where in an action upon a policy of insurance which .provides for the payment of a monthly premium by the insured, and that 'the insurance hereunder is granted in consideration of the payment of the said monthly premium in advance,' the petition contains no allegation to indicate that the policy was maintained in force and effect by the payment of such premium or otherwise, it does not sufficiently state a cause of action." This ruling is alleged to be error, "because it nullified the presumption that a person does that which he obligates himself to do;" because the condition in the policy quoted in the opinion, that "the insurance hereunder is granted in consideration of the payment of said monthly premiums in advance," is a condition subsequent, and not precedent; and because the question of whether or not the premium has been paid was a matter of defense; and further, "because the question there decided was not raised, or discussed by counsel for the association, either before the trial court or in the brief before the court." The ruling here complained of is not error for the reasons assigned. *Judgment affirmed. All the Justices concur.*