### 23067. McRAE *v.* SEWELL.

Decided August 2, 1933.

*Wellner, Meadow & Russell,* for plaintiff in error.
*Paul H. Butler,* contra.

Guerry, J.  Warren P. Sewell sued Floyd McRae for breach of warranty. The agreed statement of facts is in substance as follows: On May 9, 1927, G. H. Butler was the owner of a parcel of land in Atlanta, Fulton county, and Floyd McRae was the owner of a parcel of land in Druid Hills, DeKalb county. They made an exchange of property by mutual deeds, each deed embracing a general warranty of title. As a part of the consideration of the transaction, McRae agreed to pay the taxes on the property he conveyed to Butler, and Butler agreed to pay the taxes on the property he conveyed to McRae. Neither complied with this agreement. On July 11, 1927, Butler conveyed the Druid Hills lot to Warren P. Sewell by warranty deed. Sewell called on McRae to pay the taxes on the Druid Hills lot assessed for the year 1927. McRae failed to do this, and Sewell was compelled to pay the taxes, amounting to $173, for which amount he sued. McRae filed a defense alleging that Butler agreed to pay the taxes on the property which he, Butler, conveyed to McRae and that Butler failed so to do, and McRae

was compelled to pay such taxes in a sum in excess of $173. The judge of the municipal court rendered judgment in favor of McRae, and on certiorari the superior court reversed the judgment and rendered judgment in favor of Sewell and against McRae. To this judgment McRae excepted.

Section 4192 of the Civil Code of Georgia (1910), reads as follows: "The purchaser of lands obtains with the title, however conveyed to him, at public or private sale, all the rights which any former owner of the land, under whom he claims, may have had by virtue of any covenants of warranty of title, or of quiet enjoyment, or of freedom from incumbrances, contained in the conveyance from any former grantor, unless the transmission of such covenants with the land is expressly negatived in the covenant itself." Section 4194 reads as follows: "A general warranty of title against the claims of all persons includes in itself covenants of a right to sell, and of quiet enjoyment, and of freedom from incumbrances." "Under the law of this State, unless the covenant expressly negatives such transmission, a covenant of warranty of title, of quiet enjoyment, and of freedom from incumbrances, made by a grantor, passes with the land to subsequent purchasers." *Tucker* v. *McArthur,* 103 *Ga.* 409 (30 S. E. 283). Irrespective of the agreement of McRae to pay the taxes on the property conveyed by him on May 9, 1927, he was under the law liable therefor, just as Butler was liable for the taxes on the property conveyed by him on that date. Any interest which McRae owned in land on the 1st day of January, 1927, was subject to pay McRae's taxes for that year. Park's Code, § 1116(f); Ga. L. 1913, p. 123; *Wilson* v. *Boyd,* 84 *Ga.* 34 (10 S. E. 499). "Taxes shall be paid before any other debt, lien or claim whatsoever, and the property returned or held at the time of giving in, or after, is always subject." Civil Code (1910), § 1140. In *Winn* v. *Butts,* 127 *Ga.* 385 (56 S. E. 406), it was said: "The failure of the owner of the property levied on to return it furnishes no defense to one who purchases from him after the lien for taxes has accrued." The lien against McRae for taxes on the Druid Hills property attached January 1, 1927. His conveyance thereof by warranty deed makes him liable to a subsequent grantee who is compelled to pay these taxes. The failure of a grantor to perform an obligation fixed by law does not excuse a grantee from performing his legal obligations. The contention

that because Butler failed to pay the taxes on the property conveyed by him to McRae, McRae was absolved from the duty placed by law on him to pay the taxes on property conveyed to Butler is not sound. Especially is this true when Butler's grantee is compelled to pay the taxes or have his property sold. The decision in *Martin* v. *Gordon,* 24 *Ga.* 533, relied on by plaintiff in error, was by a divided court. The dissenting opinion of McDonald, J., in that case has been commented on several times. Little, J., in *Tucker* v. *McArthur,* supra, said: "The opinion of the court rendered by Lumpkin, Judge, treated the only question presented, viz.: the measure of damages which could be recovered in a suit brought by a grantee of the covenantee. Even if it were otherwise, the case could not be held as authority to control this, because it was rendered by only two Judges." In the case of *Taylor* v. *Allen,* 131 *Ga.* 416, 419 (52 S. E. 291), Lumpkin, J., said: "It has been held by two Judges (one dissenting) that even a remote warrantor can show the purchase-money actually paid, in spite of a recital in the deed as to the consideration. *Martin* v. *Gordon,* supra. Speaking for myself, I think the dissent of Judge McDonald, as to an innocent purchaser without notice, presents strong reasoning." In *Hester* v. *Gairdner,* 128 *Ga.* 531 (58 S. E. 165), the case of *Martin* v. *Gordon* was further referred to, McDonald, J., being quoted as saying that a grantor ought not to be allowed to name a consideration in his deed and thus induce subsequent purchasers to rely on it, and afterwards prove that it was untrue, to the prejudice of a bona fide purchaser without notice. McRae was bound by his general warranty that property was free from incumbrances. The taxes were due and owing by him and when Sewell paid them he was entitled to recover the amount so paid from McRae. This is not affected by the failure of Butler to pay a legal obligation on his part. McRae may not set up against Butler's grantee an independent claim he may have against Butler. The court properly sustained the certiorari and rendered judgment for Sewell. "The dependence or independence of covenants or conditions must be collected from the intention of the parties, viewing the entire instrument; in dependent conditions the failure of the person first required to act is an excuse to the other party for failing to comply; if the conditions be independent, no such excuse avails. The law inclines to construe

conditions to be independent." Civil Code (1910), § 3720. The court therefore did not err in sustaining the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*