### 25159.   GULF LIFE INSURANCE COMPANY *v.* DAVIS.

DECIDED JANUARY 30, 1936.

*R. A. Moore,* for plaintiff in error.

*Gibson & Preston, Mingledorff & Roberts,* contra.

SUTTON, J.   Davis brought suit on a policy of life-insurance, alleging that on July 18, 1932, the defendant insurance company executed and delivered to him a contract of insurance on the life of Lizzie Williams; that he is a brother of the insured, and is the beneficiary and legal holder of the policy; that on October 28, 1932, the insured died, and at that time all premiums due were paid and the policy was in force; and that without any reason in law or morals the insurer refused to pay the claim. The defendant

demurred on the ground that no cause of action was alleged; that the petition was insufficient in law to set forth a proper cause of action, because (a) no knowledge or consent of the insured was alleged, and no other facts that would estop the defendant to deny liability under the policy, (b) it was not alleged that the insured was in sound health on the date and delivery of the policy, and (c) it was not alleged that the plaintiff was dependent in any wise on the insured for a livelihood, or that the relation of debtor and creditor existed between them, or that the plaintiff stood in loco parentis with the insured, and no other allegation of insurable interest appeared. The judge overruled the demurrer, the defendant excepted pendente lite and assigned error on this ruling. The trial resulted in a verdict for the plaintiff. The defendant's motion for new trial was overruled, and it excepted.

1. The petition was not subject to demurrer on the ground that it did not state that the insured was in sound health at the time of the application for and issuance of the policy, this being a matter of defense. It is not essential for the plaintiff to allege facts showing that an action on the policy is not subject to matters of defense.

2. A brother has no insurable interest in the life of his sister merely because of the relationship. In order for a brother to have such insurable interest it must appear that he is her heir at law or dependent on her in some way, or that the relation of debtor and creditor exists between them. A person who has no insurable interest in the life of another person, cannot procure and maintain a policy of insurance on the life of such person, naming himself as the beneficiary. Applying this principle, it does not appear that the plaintiff was an heir of the insured, or was dependent on her, or that the relation of debtor and creditor existed between them; and where it merely appeared that a policy on her life was issued by the defendant, naming the plaintiff as beneficiary, the petition should have been dismissed on general demurrer. See Code, §§ 56-901, 56-903, 20-504; *Union Fraternal League* v. *Walton*, 109 *Ga.* 1 (34 S. E. 317, 46 L. R. A. 424, 77 Am. St. R. 350); *McFarlane* v. *Robertson*, 137 *Ga.* 132 (73 S. E. 490); *Chandler* v. *Mutual Life Ins. Co.*, 131 *Ga.* 82 (61 S. E. 1036); *Doody* v. *Green*, 131 *Ga.* 568 (62 S. E. 984); Biddle on Ins. § 197, and cit.; Id. § 193; 45 A. L. R. 1184 et seq., and cit.; *Exchange Bank* v. *Loh*, 104 *Ga.*

446 (31 S. E. 459, 44 L. R. A. 372); *West v. Sanders*, 104 *Ga.* 727 (31 S. E. 619); *Fireman's Fund Ins. Co.* v. *Pekor*, 106 *Ga.* 1, 9 (31 S. E. 779). This of course does not contravene the rule that a person has an insurable interest in his own life, and may take out a policy of insurance on his own life and name any one he desires as his beneficiary. *Cherokee Life Ins. Co.* v. *Banks*, 15 *Ga. App.* 65 (82 S. E. 597); *Clements* v. *Terrell*, 167 *Ga.* 237 (145 S. E. 78, 60 A. L. R. 969); 14 R. C. L. 920.

3. On demurrer, not only must a petition be construed most strongly against the pleader (*Winecoff* v. *Fidelity &c. Ins. Co.*, 47 *Ga. App.* 197, 170 S. E. 215); but the court, in passing on the sufficiency of the allegations to make out a case, should keep in mind the principle that every material fact which goes to constitute the plaintiff's cause of action must be alleged; that is, he must sufficiently allege every fact which he would be required to prove in order to recover. *Groover* v. *Simmons*, 163 *Ga.* 778 (137 S. E. 237). So construing the petition, it fails to show that the contract of insurance was enforceable, and the judge erred in overruling the general demurrer. This error rendered further proceedings nugatory, and the verdict and judgment must be set aside.

*Judgment reversed. Jenkins, P. J., and Stephens, J. concur.*