27038. GUARANTY LIFE INSURANCE CO. *v.* GRAHAM.

DECIDED NOVEMBER 10, 1938. REHEARING DENIED NOVEMBER 21, 1938.

*Anderson, Cann & Dunn, M. C. Edwards, Tom Edwards,* for plaintiff in error.

*Henry Wilkinson,* contra.

SUTTON, J. 1. In order for one person to have an insurable interest in the life of another, it must appear that he is the heir at law of such other person or dependent on him in some way, or that the relation of debtor and creditor exists between them. "A person who has no insurable interest in the life of another person can not procure and maintain a policy of insurance on the life of such person, naming himself as the beneficiary. . . On demurrer, not only must a petition be construed most strongly against the pleader (*Winecoff* v. *Fidelity &c. Ins. Co.,* 47 *Ga. App.* 197, 170 S. E. 215) ; but the court, in passing on the sufficiency of the allegations to make out a case, should keep in mind the principle that every material fact which goes to constitute the plaintiff's cause of action must be alleged; that is, he must sufficiently allege every fact which he would be required to prove in order to recover. *Groover* v. *Simmons,* 163 *Ga.* 778 (137 S. E. 237)." *Gulf Life Ins. Co.* v. *Davis,* 52 *Ga. App.* 464 (183 S. E. 640). "In an action by one who procured a policy on the life of another, insurable interest must be alleged; but it is otherwise where the person whose life is insured is the contracting party." 14 R. C. L. 1430, § 590. "But if a person procures an insurance upon the life of another, the contrary rule prevails; namely, that he must allege such interest in the insured's life in a declaration upon the policy." 8 Couch's Cyclopedia of Insurance Law, § 2106. "A different rule prevails where one procures insurance on the life of another. . . In such case the plaintiff must aver in his declaration that he had an insurable interest in the life insured." 1 Cooley's Briefs on Insurance, 423. "In alleging insurable interest, the facts must be stated from which, as a matter of law, the court can infer the existence of such an interest." Id. 424. "In a suit on a policy of life insurance procured by the insured for the benefit of another, it is not necessary that the declaration should aver that the beneficiary had any interest in the life of the insured, but a different rule prevails where one procures an insurance on the life of another. In such a case, the plaintiff must aver, in his declaration, that he had an insurable interest in the life insured." Guardian M. L. Ins. Co. *v.* Hogan, 80 Ill. 35 (22 Am. R. 180). "The com-

plaint in such an action [suit on a life-insurance policy by beneficiary] must allege that plaintiff had an insurable interest in the life of the assured." Burton v. Connecticut Mutual Life Ins. Co., 119 Ind. 207 (21 N. E. 746, 12 Am. St. R. 405).

2. Applying the above-stated principles of law to the facts of the present case, where in a petition in an action on a life-insurance policy it did not appear that the plaintiff, named as the beneficiary in the policy of insurance on the life of another, was the heir of such person, or was dependent on him, or that the relation of debtor and creditor existed between them, it being alleged that, in consideration of a weekly premium of twenty-five cents paid to it by the plaintiff, the defendant issued its policy of insurance on the life of another, the plaintiff being named as beneficiary in the policy, and that at the time of the death of the insured the policy was in full force, and that on due proof of the plaintiff's claim the defendant in bad faith refused to pay the same, the petition, construed most strongly against the pleader, failed to set forth a cause of action, in that it did not allege that the plaintiff had an insurable interest in the life of the insured. The court erred in overruling the general demurrer of the defendant, and all proceedings thereafter were nugatory.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*