29696. ALL STATES LIFE INSURANCE COMPANY *v.*
SMITH.

DECIDED SEPTEMBER 24, 1942.

*Grover Middlebrooks, Yantis C. Mitchell,* for plaintiff in error.
*Swift Tyler, W. E. Armistead,* contra.

FELTON, J. Janie Smith sued the All States Life Insurance Company on a policy of life insurance in which she was named beneficiary. In her petition she alleged that the company issued the policy on the life of the insured; that she was named beneficiary; that the insured died on a named date, and that the policy had become due and payable under its terms. The copy of the policy attached to the petition did not show to whom the policy was issued, or who was to pay the premiums. It did show that the insured was fifteen years old and that the proposed beneficiary was a cousin of the insured. The company demurred generally to the petition and the exception here is to the order overruling its general demurrer.

We think this case is controlled by *Guaranty Life Insurance Co.* v. *Graham,* 58 *Ga. App.* 767 (199 S. E. 829). That case follows *Gulf Life Insurance Co.* v. *Davis,* 52 *Ga. App.* 464 (183 S. E. 640). The two cases are different in that in the *Davis* case it appeared from the petition that the beneficiary procured the insurance on the life of the insured, and there was no allegation that he had an insurable interest, and an examination of the *Graham* case discloses that the petition did not allege to whom

the policy was issued, or who procured it, and to all intents and purposes the *Graham* case is identical with the case at bar. Even in the *Davis* case this court said: "Where it merely appeared that a policy on her life was issued by the defendant, naming the plaintiff as beneficiary, the petition should have been dismissed on general demurrer." A case apparently to the contrary is *Illinois Life Insurance Co.* v. *Connell*, 8 *Ga. App.* 683 (70 S. E. 107), where the court said: "A petition alleging that an insurance company, in consideration of the premiums paid and to be paid, *made to the petitioner,* who was named as the beneficiary therein, a policy of insurance for a named amount, upon the life of a named person who had died, and that the petitioner had furnished proofs of death, etc., . . . set forth a cause of action." (Italics ours.) An examination of the record in that case, however, discloses that the beneficiary was the wife of the insured, and that she filed an amendment to her petition alleging that she was the sole heir at law of the insured. This amendment, if not the relationship of the parties, satisfied the requirement that the interest of the beneficiary in the life of the insured should be alleged. The beneficiary has at least equal means of knowing whether the policy was taken out and paid for by the beneficiary or the insured, and the interest of the beneficiary in the life of the insured is known to the beneficiary and possibly not to the company. It follows that the court erred in overruling the demurrer to the petition.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*