30028. INTERSTATE LIFE & ACCIDENT CO. *v.* HOUSEWORTH.

FELTON, J. Where a life-insurance policy is issued to a beneficiary named therein and the premiums are paid by the beneficiary on his own account, in an action on the policy the burden is on the beneficiary to allege and prove that he had an insurable interest in the life of the insured. The petition did not allege that the policy was issued to the insured, and did not allege that the beneficiary had an insurable interest in the life of the insured. The evidence showed that the policy was issued to the beneficiary who was a first cousin of the insured. The fact that the beneficiary paid the premiums on his own account did not show that he had an insurable interest in the life of the insured. The verdict

for the beneficiary was therefore unauthorized. *Guaranty Life Insurance Co.* v. *Graham,* 58 *Ga. App.* 767 (199 S. E. 829) ; *Gulf Life Insurance Co.* v. *Davis,* 52 *Ga. App.* 464 (183 S. E. 640) ; *All States Life Insurance Co.* v. *Smith,* 68 *Ga. App.* 42 (21 S. E. 2d, 921). The fact that the insured signed an application for the insurance would not alter the case in view of the beneficiary's testimony that he "took out the policy." That the contract was a wagering policy could be urged for the first time in a motion for new trial. *Southern Railway Co.* v. *Stephens,* 23 *Ga. App.* 200 (98 S. E. 176). The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J. concur.*

DECIDED APRIL 8, 1943.

*R. Carter Pittman,* for plaintiff in error.
*Hardin & McCamy,* contra.