30738. PENNSYLVANIA CASUALTY CO. v. PUND.

PARKER, J. 1. The petition, even as amended, fails to allege any loss covered by the policy sued on, copy of which is made a part of the petition by exhibit.

2. The petition, as amended, alleges the surgical removal of "the lumbar fifth vertebra, a part of the spine or spinal cord;" whereas the coverage afforded by the policy (as to spine or spinal-cord surgery) is limited to "removal of *fractured* vertebra (processes excepted)," and "removal of processes (one or more)." (Italics ours.) The policy provisions are plain and unambiguous and cannot be construed to cover the loss alleged in the petition. *Slaten* v. *Travelers Ins. Co.,* 197 *Ga.* 1, 8 (28 S. E. 2d, 1); *Federal Life Ins. Co. v.* Bolinger, 100 Ind. App. 222, (193 N. E. 681), and cit.

3. The court erred in overruling the defendant's motion to dismiss in the nature of a general demurrer, the plaintiff's amendment having failed to cure the variance between the petition and the attached exhibit.

4. Accordingly, the subsequent trial and judgment in favor of the plaintiff, rendered by the court without a jury, were nugatory.

Judgment reversed. Sutton, P. J., and Felton, J., concur.

DECIDED JANUARY 25, 1945.

*Bussey, Fulcher & Hardin,* for plaintiff in error.
*C. Wesley Killebrew,* contra.