## 38923. AMERICAN FIRE & CASUALTY COMPANY v. STANDRIDGE.

FRANKUM, Judge. Under an insurance policy whereby, for a stipulated consideration, the insurer is obligated to pay to the insured owner of a specified automobile ". . . for direct and accidental . . . damage to the automobile, . . . except loss caused by collision . . . or by upset . . ." and which policy provides, "[b]reakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss by collision or upset", the insurer is obligated to pay the insured for direct

and accidental damage to the automobile, except damage to the same resulting from an event for which damage the insured is not liable under one or more of the exclusions stated in the policy. The policy specifically enumerates certain risks which are not excluded, and, therefore, they are risks for which coverage is provided. This case is before this court on petition and a general demurrer thereto, which petition is based upon an insurance policy containing the above stated provisions. The petition contains allegations, in substance, that while the policy was in full force and effect, the plaintiff was driving the automobile described in the policy, when the transmission of the same "exploded," thereby causing damage to the automobile in the amount sued for. However, the petition does not allege that the explosion was produced from an accidental cause. The unexplained allegation that the transmission "exploded" is not the equivalent of alleging that the explosion resulted from an accidental cause, and, therefore, such defect in the petition renders it subject to general demurrer. See *Newman v. Benefit Association*, 173 Ga. 881 (162 SE 122) ; *Life & Casualty Ins. Co. v. Benion*, 82 Ga. App. 571 (61 SE2d 579). The general demurrer to the petition should have been sustained.

*Judgment reversed. Townsend, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 29, 1961.

*Erwin, Birchmore & Epting, Eugene A. Epting,* for plaintiff in error.

*H. W. Davis, Jack S. Davidson, Rupert A. Brown,* contra.

TOWNSEND, Presiding Judge, concurring. I agree with what is said in the opinion and would like to add simply that under the comprehensive clause of the insurance policy the insurer is obligated to pay for all direct damage to the vehicle, of whatever nature, provided the cause is not one specifically excluded and provided that it is accidental. The allegation that the transmission exploded is an allegation of fact, not merely a conclusion. Explosion is a covered risk, provided it is accidental. There might be an explosion which was not accidental even as to the plaintiff. Automobiles, however, do not normally explode. If the plaintiff alleges that this explosion was acci-

dental, unexpected, and not the result of any act of his, the petition would set out a good cause of action. If he proves these facts on the trial, and that automobiles do not normally explode in such cases, his proof might well be aided by the doctrine of res ipsa loquitur so as to allow a recovery even if the cause of the explosion remains unexplained.