43197. McCOWN v. SAFECO INSURANCE COMPANY OF AMERICA.

Argued November 7, 1967—Decided November 14, 1967.

*Northcutt & Edwards, Ken Doss, W. S. Northcutt,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Lynn A. Downey,* for appellee.

EBERHARDT, Judge. The judgment appealed from having been entered prior to the effective date of the Civil Practice Act, its provisions are not applied in determining the issues on appeal. *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376 (157 SE2d 493). Construing the petition against the plaintiff, as we must on general demurrer, it fails to allege coverage. Since

it is not alleged that the daughter was a resident of the insured's household we must assume that she was not, for "the absence of an allegation of a material fact means the non-existence of such fact. *Hulsey v. Interstate Life &c. Ins. Co.,* 207 Ga. 167 (60 SE2d 353); *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (1) (94 SE2d 736)." *Rives v. Atlanta Newspapers, Inc.,* 220 Ga. 485, 486 (139 SE2d 395). Under the policy provisions coverage existed only if the injured relative was a resident of the insured's household. "On demurrer, not only must a petition be construed most strongly against the pleader [citation]; but the court, in passing on the sufficiency of the allegations to make out a case, should keep in mind the principle that every material fact which goes to constitute the plaintiff's cause of action must be alleged; that is, he must sufficiently allege every fact which he would be required to prove in order to recover." *Gulf Life Ins. Co. v. Davis,* 52 Ga. App. 464, 466 (183 SE 640). Accord: *Guaranty Life Ins. Co. v. Graham,* 58 Ga. App. 767 (199 SE 829). It is elemental that the allegations of the petition must show coverage under the policy. *Newman v. Benefit Assn. of Railway Employees,* 173 Ga. 881 (162 SE 122); *Pennsylvania Cas. Co. v. Pund,* 72 Ga. App. 49 (32 SE2d 925). The court cannot supply these deficiencies. *Ford Motor Co. v. Williams,* 219 Ga. 505 (134 SE2d 32).

While the policy also provides as a condition precedent to an action against the company that all requirements of the policy must have been complied with, and there is no allegation that any written notice of the accident was given or that any proof of claim was made, there is attached as an exhibit to the petition a copy of a letter from the company addressed to plaintiff's counsel declining payment of the claim on the ground that an investigation of the matter had revealed that "your client was not a resident of our insured's household and therefore would not qualify as an insured under our policy." This amounted to a waiver of the notice and proof of claim requirements. *Whitmire v. Canal Ins. Co.,* 102 Ga. App. 611, 617 (4) (117 SE2d 348).

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*