CASE 3—PETITION ORDINARY—OCTOBER 13.

# Metropolitan Life Insurance Co. v. Monohan.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. LIFE INSURANCE—PUBLIC POLICY—HUSBAND AND WIFE.—It is against public policy for one to procure a policy of insurance on the life of another without the knowledge or consent of the other. And while the wife has an insurable interest in the life of her husband, she can not obtain insurance upon his life without his knowledge or consent, and if she does so and uses his money to pay the premiums on the policy, the husband may recover such sum from the company.
2. EVIDENCE.—In such an action by the husband to recover the premiums, evidence by him that his wife had no income and never

earned any money was not sufficient to support the allegation that the premiums were paid with his money.

WRIGHT & ANDERSON FOR APPELLANT.

1. The evidence shows where most of the money paid by the wife as premiums on the policy came from, and the evidence of appellee fails to show that any part of it was his money.

HAWKINS & HAWKINS FOR APPELLEE.

1. The appellee was never examined by a physician of the company and his life was insured without his knowledge or consent, and the policy was absolutely void. Under such circumstances the premiums paid by the wife was his money, which he may recover from the company.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee, Michael Monohan, sought to recover of the appellant, Metropolitan Life Insurance Co., $144.70, which he alleged had been paid by his wife in premiums on a certain policy which had been issued by the company on his life for the benefit of his wife. He contends that the policy was issued without his knowledge or consent; that the premiums were paid without his knowledge or consent; that he never made application for such policy of insurance; that he was never examined by any physician with a view of making such application. He alleges that his wife paid the premiums with his money. The answer does not deny the premiums were paid, but it denies that they were paid without the knowledge or consent of plaintiff or with his money. The testimony conduces to prove that the policy of insurance was procured without the consent or knowledge of the appellee. If the wife under such circumstances used the money of her husband to pay the premiums on the policy, then the husband was entitled to recover from the company the sums so paid. It is certainly against public policy for

one to procure a policy of insurance on the life of another without such one's knowledge or consent. The wife has an insurable interest in the life of the husband, yet she could not obtain insurance upon his life without his knowledge and consent. Neither should the husband be allowed to procure a policy of insurance on the life of the wife without her knowledge and consent. If such practice was indulged, it might be a fruitful source of crime. The burden was upon the plaintiff to show that it was his money that was used in the payment of the premiums. The court seems to have properly instructed the jury. The question is whether the plaintiff established the fact that it was his money which the wife used in making the payments. He was the only witness introduced who attempted to show that the money with which these payments were made belonged to him. All he said with reference to that matter is as follows: "My wife had no income and never earned any money." The jury was not authorized to conclude from that estimony that it was the husband's money with which the premiums were paid. She may not have had an income and may never have earned any money, still she may have had money which she could have used for the purpose of making the payments. There are various ways by which she could have acquired money with which these payments could have been made. We think the plaintiff wholly failed to prove that it was his money with which the wife paid the premiums.

Wherefore, the judgment is reversed, with directions that a new trial be granted, and for proceedings consistent with this opinion.