18181

Jonah Harold RAMEY, Respondent, v. CAROLINA LIFE INSURANCE COMPANY, Appellant

(135 S. E. (2d) 362)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, and *Turner, Padget & Graham,* of Columbia, *for Appellant,*

18

*Messrs. Leatherwood, Walker, Todd & Mann* and *J. G. Leatherwood* and *Harold N. Morris,* of Greenville, *for Respondent,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, and *Turner, Padget & Graham,* of Columbia, *for Appellant,*

March 11, 1964.

*Per Curiam.*

This is an appeal from an order of the lower court, herewith reported, overruling the demurrer of the defendant-

appellant to the complaint of the plaintiff-respondent, it being contended, on several grounds, that said complaint failed to state a cause of action.

We have studied the record in this case, and find ourselves in agreement with the result of the order of the Circuit Judge.

Affirmed.

The order of Judge Eppes follows:

The Complaint of the Plaintiff alleges that he received injuries of a most serious nature when poisoned by arsenic given to him by his wife in an attempt by her to take his life so that she could collect the $5,000.00 benefits of an insurance policy placed in force by the Defendant company upon the life of the Plaintiff without his knowledge or consent. It is further alleged that the purported signature of Plaintiff on both the application and inspection for life insurance forms was a forgery, and was known by Defendant to be a forgery, but despite such knowledge and despite Plaintiff's lack of consent or knowledge, Defendant negligently, willfully and unlawfully placed in force and effect the afore-mentioned policy of insurance on Plaintiff's life; an action which is alleged to be against the public policy of this State, against the rules of the company and conducive to crime and great danger to the Plaintiff. Finally Plaintiff alleges that by reason of the negligent, willful and wrongful issuance of such insurance his wife did poison him with the hope of collecting the proceeds of the policy.

Defendant has demurred to the Complaint on five grounds. Grounds (a) and (b) are based upon the contention that the Complaint shows on its face that the Plaintiff's wife had an insurable interest in him and thus the contract issued was not a speculative or wagering contract and there was no breach of duty by Defendant to the Plaintiff. Grounds (c) and (d) raise the question of proximate cause, contending that the proximate cause of Plaintiff's

injuries was the criminal act of his wife in poisoning him which was not reasonably forseeable by Defendant. Finally in Ground (e), Defendant contends the Complaint fails to allege any actionable negligence on the part of Defendant, its agents or servants in the scope of their employment.

The matter was argued fully before me by counsel for Defendant and Plaintiff, Defendant being represented by Mr. Harold Graham of the Columbia Bar and Mr. Andrew Marion of the Greenville Bar and Plaintiff being represented by Mr. J. G. Leatherwood and Mr. J. D. Todd, Jr., of the Greenville Bar. Various citations of authorities were furnished the Court, all of which have been carefully considered and after study and deliberation, I am of the opinion that the Demurrer of Defendant should be overruled.

As a general rule, a wife has an insurable interest in the life of her husband. *Crosswell v. Connecticut Indemnity Association,* 51 S. C. 103, 28 S. E. 200. This, however, is not invariably so. *Moseley v. American National Insurance Co.,* 167 S. C. 112, 166 S. E. 94. There, a son attempted to insure the life of his father without the father's knowledge or consent. In holding such an arrangement illegal, void and against public policy, our Supreme Court said:

"In Joyce on Insurance (2d Ed.) § 892, it is said: 'A person can have no insurable interest where his only right arises under a contract which he had no authority to make.'

"Under the law of this state, a child has an insurable interest in the life of the parent, but in the present case the claim of the son is not based upon the general provisions of the law, but upon a receipt, called a contract. * * * * That the son was not acting as the agent of his father is perfectly apparent from the admitted fact that the father knew nothing of the transaction. *An insurable interest is in the nature of an inchoate right ever present for perfection in those who possess the right, but never perfected until all legal requirements have been performed.* (Emphasis added.)

"This appeal presents a typical case of an effort to obtain insurance upon the life of another without the knowledge or consent of the insured. Quoting again from Joyce, § 2509D: 'It has been broadly stated that insurance taken out on the life of another, without the latter's consent, is against public policy and void.'

"This doctrine is sustained by the citation of authorities from other states. A *Kentucky case, Metropolitan Life Insurance Company v. Monohan,* 102 Ky. 13, 42 S. W. 924, appears to be in point. This case holds that it is against public policy to procure insurance on the life of another without his knowledge or consent, even though the insurance was procured by one having an insurable interest in the life of the insured.

"The basis for holding such contracts of insurance to be against public policy is grounded upon the law prohibiting wagering contracts. This is treated in our own case of *Crosswell v. Conn[ecticut] Indemnity Association,* 51 S. C. 103, 28 S. E. 200, 201. Quoting further from the *Crosswell case* we find the following:

" 'There seems to be a clear distinction between cases in which the policy is procured by the insured *bona fide* on his own motion and cases in which it is procured by another. It is a very different thing for a man to create voluntarily an interest in his termination and to allow some one else to do so at their will'."

*Hack v. Metz,* 173 S. E. 413, 176 S. E. 314, 95 A. L. R. 196, is to the same effect.

Where, as here, it is alleged that the wife procured the insurance on the life of her husband without his knowledge or consent, the Court cannot hold as a matter of law that the wife has an insurance interest, and this is especially so when it appears, as it does here, that the insurance company knew of this lack of knowledge or consent.

Plaintiff's cause of action is based upon negligence on the part of Defendant in issuing a policy of insurance on the life of the Plaintiff without his knowledge and consent when Defendant had reason to know such policy was procured without his knowledge or consent. It seems to be well settled that such insurance is void and against public policy. *Moseley v. American National Insurance Company, supra.*

Also see *Hack v. Metz, supra,* where it is stated:

"From the same authority [Joyce on Insurance (2d Ed.)] § 2905D, we quote: 'It has been broadly stated that insurance taken out on the life of another, without the latter's consent is against public policy and void'."

In *Holloman v. Life Ins. Co. of Va.,* 192 S. C. 454, 7 S. E. (2d) 169, 127 L. R. A. 110, our Court states:

"While the point does not appear to have ever come before this court, the authorities generally are to the effect that except in the case of an infant a policy of life insurance taken out without the knowledge or consent of the insured person is not enforceable; at least in the absence of waiver or estoppel."

At 29 Am. Jur. 617, Ins. Section 231, the following is found:

"It is a general rule that a policy of life insurance taken out without the knowledge or consent of the insured person is against public policy and unenforceable. A wife, for example, cannot be permitted to obtain insurance on the life of her husband without his knowledge and consent; *such a practice, it has been deemed, might be a fruitful source of crime.*" (Emphasis added.)

The law thus seems to be well recognized in this State that a policy of insurance taken out on the life of another without his knowledge or consent is void and against public policy in that it might be a fruitful source of crime. Therefore, if the allegations of the Complaint are true and on Demurrer they must be taken as true, the Defendant

company knowingly issued a policy of insurance on the life of Plaintiff which was void, contrary to public policy, and which might lead to an attempt upon his life.

Defendant does not contest the law as set forth above but contends that such a set of circumstances does not give rise to a cause of action in tort for damages alleged to have been sustained by Plaintiff as a result of the issuance of such policy. It cites as authority for this contention *Holloman v. Life Ins. Co. of Va., supra.* That case does not support Defendant's position. It is true that the Court there said:

"We have not found any authority, however, for the view that the issuance of a policy of life insurance without the consent of the insured would give rise to a cause of action in tort in favor of the insured person."

Then the opinion continues with the real reason for the holding of the Court:

"But even if this might be true under some exceptional circumstances, we find nothing in the complaint here from which damages to the plaintiff could be inferred."

There, upon discovery of the fact that the policy was issued to the son (the beneficiary) without the consent of his mother (the insured), the policy was cancelled. The Court said:

"How then could the plaintiff have possibly sustained any injury?"

Such, of course, cannot be said here for Plaintiff, according to the allegations of the Complaint, has suffered extensive injuries as a result of poison administered to him by the beneficiary in an attempt to collect the policy benefits. I am of the opinion that the "exceptional circumstances" referred to in the *Hollomon case* are present here and a cause of action is stated.

The reasoning of the Supreme Court of Alabama in *Liberty National Life Ins. Co. v. Weldon,* 267 Ala. 171,

100 So. (2d) 696, 61 A. L. R. (2d) 1346, is pertinent here. There that Court said:

"Does a life insurance company have the duty to use reasonable care not to issue a policy of life insurance in favor of a beneficiary who has no interest in the continuation of the life of the insured?

"No case has come to our attention where this specific question has been considered by any court. But we are of the opinion that such a duty exists, for there is a duty upon all to exercise reasonable care not to injure another. *Weston v. National Manufacturers & Stores Corp.*, 253 Ala. 503, 45 So. (2d) 459; *Railway Express Co. v. Real*, 253 Ala. 489, 45 So. (2d) 306; *Southeastern Greyhound Lines v. Callahan*, 244 Ala. 449, 13 So. (2d) 660; *Whiddon v. Malone*, 220 Ala. 220, 124 So. 516; *Southern Ry. Co. v. Arnold*, 162 Ala. 570, 50 So. 293; *Merchants' Bank v. Sherman*, 215 Ala. 370, 110 So. 805.

"The position of the defendants seems to be that if murder results the insurance companies are, of course, sorry that the insured met with such a fate, but they have no liability, if there is no insurable interest although they can treat such policies as completely void. If an early death from natural causes makes the policy unprofitable, the defendants can and do refuse to pay the beneficiary for the reason that such policies are void. In other words, the defendants seem to be of the opinion that the insurable interest rule is to protect insurance companies. We do not agree. The rule is designed to protect human life. Policies in violation of the insurable interest rule are not dangerous because they are illegal; they are illegal because they are dangerous.

"As we have shown, it has long been recognized by this court and practically all courts in this country that an insured is placed in a position of extreme danger where a policy of insurance is issued on his life in favor of a beneficiary who has no insurable interest. There is no legal justification for the creation of such a risk to an insured and there is no social gain in the writing of a void policy of

insurance. Where this court has found that such policies are unreasonably dangerous to the insured because of the risk of murder and for this reason has declared such policies void, it would be an anomaly to hold that insurance companies have no duty to use reasonable care not to create a situation which may prove to be a stimulus for murder."

I am of the opinion that an insurance company has ▉▉ a duty to use reasonable care not to issue a policy of life insurance in favor of a beneficiary who has obtained such policy without the knowledge or consent of the insured, and this would especially be true, where as here, the company knew or had reason to know that such was the situation. The rule against issuing policies on the life of a person without his knowledge or consent is "designed to protect human life." Policies issued in violation of this rule are "not dangerous because they are illegal; they are illegal because they are dangerous."

I might also add that in *Hack v. Metz, supra,* the Court said:

"It is said in *Joyce on Insurance* (2d Ed.) § 872, that: 'A person can have no insurable interest where his only right arises under a contract which he had no authority to make'."

Clearly the applicant and beneficiary of the policy involved here had no authority to make the contract of insurance entered into. *Metropolitan Life Ins. Co. v. Monahan,* 102 Ky. 13, 42 S. W. 924, cited with approval by our Supreme Court in *Moseley v. American Nat. Ins. Co., supra.*

The Defendant insurance company had a duty to "use reasonable care not to create a situation which may prove to be a stimulus for murder." Grounds (a) and (b) of the Demurrer are overruled.

Defendant has by grounds (c) and (d) of its Demurrer raised the question of proximate cause. Proximate cause is ordinarily a question of fact for the jury and rarely is it decided as a question of law. Defendant contends, however,

that the sole proximate cause of Plaintiff's injuries was the independent intervening criminal act of his wife in attempting to kill him and that such act was not reasonably foreseeable.

The same contentions were made in *Liberty National Insurance Company v. Weldon, supra,* and found to be untenable. There the Court said, quoting from Restatement of the Law, Torts:

" 'b. When special grounds for anticipating criminal action by third person. There are certain situations which are commonly recognized as affording temptations to which a recognizable percentage of humanity is likely to yield. So, too, there are situations which create temptations to which no considerable percentage of ordinary mankind is likely to yield but which, if created at a place where persons of peculiarly vicious type are likely to be, should be realized as likely to lead to the commission of fairly definite types of crime. If the situation, which the actor should realize that his negligent conduct might create, is of either of these two sorts, an intentionally criminal or tortious act of the third person is not a superseding cause which relieves the actor from liability.'

"The following authorities appear to hold that whether or not an intervening act is criminal in nature is a fact to be considered in determining whether such act was reasonably foreseeable. But intervening criminal acts may be found to be foreseeable and, if so found, actionable negligence may be predicated thereon. Citation of authorities.

"We cannot agree with the defendants in their assertion that we should hold as a matter of law that the murder of the young girl was not reasonably foreseeable. They created a situation of a kind which this court and others have consistently said affords temptation to a recognizable percentage of humanity to commit murder. We quote again from the case of *Helmetag's Adm'r. v. Miller,* 76 Ala. 183: 'The reason of the law which vitiates wager policies is the pecuniary interest which the holder has in procuring the

death of the subject of insurance, *thus opening a wide door by which a constant temptation is created to commit for profit the most atrocious of crimes.'* (Emphasis supplied.)

"The question of proximate cause was properly left for the jury's determination."

When the very reason for the rule against allowing policies of life insurance to be taken out without the knowledge and consent of the insured is that such a practice "might be a fruitful source of crime," I cannot say as a matter of law that what occurred here was not reasonably foreseeable. Grounds (c) and (d) of the Demurrer are overruled.

Ground (e) is equally without merit. In my opinion the Complaint does allege actionable negligence on the part of the Defendant, its agents, servants and employees in the scope of their employment. (See discussion of grounds (a) and (b) above.)

It is, therefore, ordered that Defendant's Demurrer be overruled and that Defendant file Answer to the Complaint, if it be so advised, within twenty (20) days from the date of this Order.

And it is so ordered.