44826. BUTLER AUCTION COMPANY, INC. v. HOSCH et al.

EBERHARDT, Judge. Butler Auction Company, Inc. brought suit against Paul and Carolyn Hosch and Albert Johnson, alleging in substance that the Hosches entered into a contract, at-

tached to the complaint as Exhibits A1 and A2, with Butler Auction whereby the latter agreed to auction certain property of the Hosches for monetary consideration as shown on the exhibits; that the terms of the sale shown on Exhibits B1 and B2 were read by the auctioneer and made a part of the sale; that the property was sold as shown on various sales memoranda attached as Exhibits C1, C2, C3 and C4; that after the sale a closing statement, attached as Exhibit D1, was made, from which it was determined that the Hosches owed the auction company $5,050.41 in accordance with the contract marked Exhibits A1 and A2; that a check, marked Exhibit E1, was issued by Johnson, the buyer at the auction, in partial payment for property purchased as shown on Exhibits C1, C2, and C3; that Johnson stopped payment on the check; and that defendants were jointly and severally liable for $5,050.41.

Defendants answered and moved to dismiss the complaint, and the Hosches also filed a counterclaim, contending they were damaged in a stated amount due to the negligence of the auction company in handling the transaction. The trial court sustained the motions and dismissed the complaint. The auction company appealed without obtaining a certificate for immediate review, and we dismissed the appeal as being premature since a counterclaim was still pending. *Butler Auction Co. v. Hosch*, 119 Ga. App. 562 (167 SE2d 684). The company then filed a motion for summary judgment as to the counterclaim on the grounds that it failed to state a claim upon which relief could be granted, and it now appeals from the denial of this motion, having obtained a certificate for immediate review, enumerating as error the denial of the motion as well as the dismissal of its complaint. *Held:*

In attempting to demonstrate error in the trial court's rulings, appellant auction company relies upon the previously-mentioned exhibits attached to its complaint. These exhibits, including the contract between the Hosches and the company, comprise pages 7-16 of the record and are illegible photographic or electrostatic copies. We therefore directed the clerk of this court to request that the clerk of the trial court send new pages which would meet the requirements of this court as to legibility. See Rule 9 (g), this court. 111 Ga. App. 886 (*Code Ann.* § 24-3609 (g)). In response the clerk of the trial court has certified that the pages in question

"cannot be made legible as these pages in the original petition are copies and are illegible."

Since we are unable to deal intelligently with the issues made on this appeal and to determine if any error has been committed, the judgment must be

*Affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED OCTOBER 6, 1969—DECIDED OCTOBER 23, 1969.

*Roy N. Newman,* for appellant.
*Stark & Stark, Homer M. Stark,* for appellees.