### 47159. UNITED INSURANCE COMPANY OF AMERICA v. HADDEN.

EBERHARDT, Presiding Judge. It appears from the evidence that the plaintiff, Jack Hadden, signed his brother's name on an application for an industrial policy in the

amount of $500 on the life of his brother, Joe Hadden, having himself named as beneficiary. Joe Hadden had previously suffered a stroke and the insurance company now contends that he was not in a condition of health making him an insurable risk at the time the application was signed. The application was made about the first of August, 1969, the policy was issued August 5, 1969, and the insured died February 27, 1970, the cause of death as listed on the death certificate being pneumonia. He left two surviving children.

The beneficiary seeks recovery on the policy and the company defends on the grounds (1) that the plaintiff had no insurable interest in the life of his brother, the insured, and (2) the policy was void because of false and fraudulent statements and representations contained in the application. There was a verdict and judgment for the plaintiff and defendant appeals. *Held:*

1. It is true that one who applies for and obtains the issuance of a policy of life, health or accident insurance on another and names himself as the beneficiary must have an insurable interest in the life of the insured or he will not be entitled to recover on the policy. *Code Ann.* § 56-2501. However, where one applies for and obtains insurance on his own life he may designate whomever he will as the beneficiary and the beneficiary is entitled to recover. *Code Ann.* § 56-2404 (2); *Theus v. Bankers Health &c. Ins. Co.,* 216 Ga. 377 (1) (116 SE2d 573). There is some controversy here as to whether Jack Hadden procured the issuance of this insurance at his own instance, paid for it with his own money, and was at all times in custody and control of the policy, or procured it at the instance and request of his brother, the insured, paid the premiums and was reimbursed by his brother and kept the policy for and on behalf of his brother. The evidence very strongly suggests the former.

Prior to the adoption of the Insurance Code in 1960 one had no insurable interest in the life of a brother who died leaving closer heirs at law, e.g., children, and on

whom he was not dependent. *Gulf Life Ins. Co. v. Davis,* 52 Ga. App. 464 (2) (183 SE 640); *Liberty Nat. Life Ins. Co. v. Stinson,* 61 Ga. App. 344 (6 SE2d 199). However, this appears to have been changed with the adoption of the Insurance Code in 1960, where it is now provided in § 56-2404 (1) that "'Insurable interest' with reference to personal insurance is an interest based upon a reasonable expectation of pecuniary advantage through the continued life, health or bodily safety of another person and consequent loss by reason of his death or disability, or a substantial interest engendered by love and affection in the case of individuals closely related by blood or by law." We think the relationship of brother is close enough to qualify for an insurable interest under this statute.

2. The application was not attached to the policy, and is thus not a part of the contract. It may be introduced for showing fraud practiced on the company by the applicant or one acting in his behalf. *Gulf Life Ins. Co. v. LeCroy,* 181 Ga. 243, 253 (182 SE 378). It appears that the original of the application has been destroyed by the company and the only available record thereof is a microfilm of it. The microfilm is in the record but is wholly illegible. We cannot determine from it what questions were propounded or what answers made. It is the burden of appellant to show error in obtaining a reversal on appeal, and without a legible copy of the application with the answers made we cannot determine whether a fraud has been practiced on the insurance company or not. See *Butler Auction Co. v. Hosch,* 120 Ga. App. 541 (171 SE2d 651). We do not see how the jury was in any better position. The insurer, which had the burden of showing the fraud here, failed in carrying the burden by failing to present evidence under which that issue could be determined.

*Judgment affirmed. Deen and Clark, JJ., concur.*
SUBMITTED MAY 5, 1972—DECIDED MAY 12, 1972—
REHEARING DENIED MAY 24, 1972.

■  ■

*Spivey & Carlton,* for appellant.
*Marshall L. Fountain,* for appellee.