Judith A. WREN and/or Rena M. McAllister

v.

NEW YORK LIFE INSURANCE COMPANY.

Civ. A. No. 2480.

United States District Court,
N. D. Georgia,
Rome Division.

June 15, 1973.

Cook & Palmour, Summerville, Ga., for plaintiff.

Carter, Ansley, Smith, McClendon & Quilliam, Atlanta, Ga., Matthews, Walton, Smith, Shaw & Maddox, Rome, Ga., Peter L. Boney, Summerville, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

The captioned case is before the Court for consideration of four motions as follows: (1) Motion of defendant for summary judgment, (2) Motion of defendant to strike certain portions of the plaintiff's discovery deposition. (3) Motion of the defendant to amend its answer, and (4) Motion of the plaintiff intervenor for leave to amend her complaint.

This action was originally brought by the plaintiff as a named beneficiary under a policy of life insurance issued by the defendant insuring the life of the plaintiff's former husband. Subsequently, the insured's widow intervened as next friend of the insured's minor children.

On or about November 11, 1971, Judith A. Wren, the plaintiff, applied to the defendant company for $20,000 life insurance on her former husband. The application designated her as the "ex-wife" as the beneficiary and designated Rena Mae McAllister as the "ex-mother-in-law" as alternative beneficiary. The application for the life insurance bears a signature which purports to be that of the insured, Roger Wren; however, the facts are undisputed that Roger Wren did not sign the application for insurance. It is clear by her own admission that Judith A. Wren, the applicant for the insurance, signed the name of Roger Wren. The facts that are basically in dispute and to which the motion to strike relates are as to whether Judith A. Wren signed Roger Wren's name to the application with his knowledge and consent.

While there is no dispute as to the plaintiff's signing Roger Wren's name, there is a dispute as to whether she called Roger Wren by telephone and advised him of her actions and obtained his oral permission to sign his name to the application and thus his consent thereto. It is further disputed as to whether this telephone call, if it was made, was made in the presence of the defendant's agent.

The defendant as moved to strike the testimony of the plaintiff concerning the alleged telephone conversation with her former husband and the obtaining of his oral authority to sign the application of insurance. The defendant contends that this is hearsay and that the alleged agent cannot herself testify to verbal authority given to her. This position is not well taken. While the unsworn declaration of one alleged to be an agent is normally not admissi-

ble without other corroborating evidence to establish the agency, the sworn testimony of an agent is competent evidence of such agency. Augusta Roofing & Metal Works, Inc. v. Clemmons, 97 Ga. App. 576, 103 S.E.2d 583 (1958); Terminal Transport Company, Inc. v. Decatur Truck & Equipment Company, Inc., 90 Ga.App. 859, 84 S.E.2d 494 (1954); and Lawhon v. Henshaw, 63 Ga.App. 683, 11 S.E.2d 846 (1940). Thus, in the case *sub judice,* Judith A. Wren could testify concerning the alleged telephone conversation with her former husband. For these reasons, defendant's motion to strike certain portions of the plaintiff's deposition testimony is hereby denied.

The defendant's motion for summary judgment is predicated upon the provisions of Ga.Code Ann. § 56–2407 which provides in part as follows:

> "No life . . . insurance contract upon an individual, . . . shall be made or effectuated unless at the time of the making of the contract the individual insured being of competent legal capacity to contract, applies for or consents in writing thereto, . . ."

There has existed at common law a general rule establishing a public policy against the issuance of a policy of life insurance without the knowledge or consent of the person insured. It has been deemed that to allow the insuring of the life of a person without his knowledge or consent could be a contributing factor toward the commission of a crime and could create a substantial risk to the unknowing insured person. 44 C.J.S. Insurance § 241; 43 Am.Jur.2d, Insurance, § 242.

While the public policy at common law dealt with "knowledge or consent" the Georgia Legislature has been even more restrictive by providing that the insured must either apply for the insurance or consent thereto *in writing.* Ga.Code Ann. § 56–2407.

The facts of this case are clear that the insured was not the applicant.

Rather, his former wife, Judith A. Wren, applied for the insurance. Thus, the question for determination by the Court is whether the insured, Roger Wren, consented in writing thereto. This Court has been unable to find any authority in this regard. All of the cases cited in the briefs of the parties relate to the common law public policy principles which deal only with knowledge or consent and do not deal with the stricter Georgia statutory provision.

■ The Court is of the opinion that a telephone communication, which allegedly gives one the right to sign an application for insurance and which is subsequently signed by that party, does not constitute the consent in writing by the insured as required by Georgia law. Having found that the insured neither applied therefor nor consented in writing thereto, no valid life insurance contract was issued in this case. Therefore, defendant's motion for summary judgment must be granted.

Having granted defendant's motion for summary judgment, defendant's motion to amend its answer is moot and no ruling is required therein.

■ The only other matter pending before the Court for a decision is the motion of plaintiff intervenors for leave to amend their complaint. This proposed amendment adds a second count and a totally new and distinct cause of action, sounding in tort. The gist of the cause of action is that the defendant insurance company issued a life insurance policy on the life of Roger Wren, without his knowledge or consent, naming his former wife as beneficiary, and that the beneficiary did subsequent thereto kill her former husband; thus, the defendant, by issuing the policy without the knowledge and consent of the insured and without advising him of its issuance, did create a fruitful source of crime and a situation which might prove to be a stimulus for murder.

The Court finds no case reported in Georgia of a similar nature. The plaintiff intervenors have apparently modeled their claim after that of Ramey v. Carolina Life Insurance Company, 244 S.C. 16, 135 S.E.2d 362, 9 A.L.R.3d 1164. As can be seen from the annotation in A.L.R.3d, the neighboring states of Alabama and South Carolina have permitted such an action. The Court finds no case law to the contrary.

The intervention allowed under Rule 24 of F.R.Civ.P. was to allow the intervenors to protect their interests, if any, as to the proceeds of the insurance policy. The original plaintiff has no interest in the attempted new claim of the intervenors.

The case as filed is in the nature of contract. The proposed amendment by the intervenors adds a tort claim. The tort action, if allowable at law, is not dependent upon the success or failure of the original action on the insurance policy. To the contrary, the trial of the tort action, if allowable, would require evidence not necessary in the trial of the case on contract. In order not to delay the final disposition of the action on contract and the right of appeal of the parties of those issues, the Court is denying the motion to amend intervenor's complaint, without prejudice to the right of intervenors to file a separate action.

"An intervenor ordinarily has rights and is subject to obligations equal to or as broad as those of the other parties. This does not mean that he cannot set up personal rights in the subject matter different from and in addition to those of the parties, but he cannot change the issues between the original parties and cannot raise new issues or issues foreign to the main action, . . ." United States v. Continental Cas. Co., 16 F.R. Serv. 24c42, Case 1 (E.D.Pa.1951); see also 3B Moore's Federal Practice ¶ 24.16 [1].

In summary, the Court grants summary judgment for the defendant New York Life Insurance Company against Judith A. Wren and/or Rena M. McAllister on their complaint and against Elizabeth Wren, Ronnie Thomas Wren, b/n/f Elizabeth Wren, and Cynthia Renee Wren, b/n/f Elizabeth Wren as to their intervention. The Court denies the motion of intervenors to amend by adding a second count.