OPINION OF THE COURT
Martin Schneier, J.
Decedent, Larysa Vasserman, emigrated from the Ukraine with her husband in 1999. Early in 2000, she separated from her husband and became romantically involved with Eugene *967 Perchikov. In September of 2000, decedent and Perchikov went to the offices of the defendants to purchase a life insurance policy on decedent. Perchikov acted as the translator because the decedent did not speak English. Decedent purchased a $1 million policy which named her husband as the beneficiary. On October 24, 2000, the policy was delivered and the beneficiary was changed to a nonexistent cousin as the primary beneficiary and Perchikov as the contingent beneficiary. In October of 2001, Eyal Shahar was named as the sole beneficiary. On November 19, 2002, the decedent died while Perchikov was visiting her.
Plaintiff alleges that Eyal Shahar was a pseudonym of Perchikov and that Perchikov murdered the decedent in order to collect on the life insurance policy. Plaintiff further alleges that the policy was negligently issued by the defendants and, as a result, the defendants are liable in tort.
New York does not presently recognize a cause of action for negligent issuance of a life insurance policy. Other jurisdictions have recognized a cause of action for the negligent issuance of a life insurance policy in three situations:
“(1) where the insurer should have known that the person who procured and owned the policy, and who was named as beneficiary, had no insurable interest in the life of the insured; (2) where the insurer had knowledge that the insured was unaware of and did not consent to the policy; and (3) where the insurer had actual knowledge of the beneficiary’s intent to murder the insured and failed to take action” (Bajwa v Metropolitan Life Ins. Co., 208 Ill 2d 414, 420, 804 NE2d 519, 525 [2004]).
Although the complaint does allege that the defendants conspired to murder the decedent, that allegation is unsupported by factual allegations. With respect to the first two situations, the common factor is that the insurance is obtained without the knowledge of the insured. Knowledge of the policy is crucial because “it is reasonably foreseeable that a policy taken out on someone’s life without his knowledge or consent could lead to injury or death at the hands of the person who procured the policy, and that there is a sufficient likelihood of injury” (Bajwa, 208 Ill 2d at 427, 804 NE2d at 529). Accordingly, the tort of negligent issuance of a life insurance policy rests on the conclusion that “an insurance company owes a duty of due care to advise a proposed insured of a life insurance policy taken out on [her] life” (Bajwa, 208 Ill 2d at 427, 804 NE2d at 528).
*968 Plaintiff concedes that, because decedent knew of the policy, the complaint does not state a cause of action for negligent issuance of an insurance policy as it is presently recognized. Plaintiff instead asks the court to recognize a cause of action where, as here, the decedent’s use of a translator in obtaining the policy, together with discrepancies in the decedent’s application allegedly should have led to an investigation which would have alerted the defendants to the danger into which the decedent was placing herself. The court declines to recognize such an extension.
“[Wjhile the existence of a duty involves scrutiny of the wrongfulness of a defendant’s action or inaction, it correspondingly necessitates an examination of an injured person’s reasonable expectation of the care owed and the basis for the expectation and the legal imposition of a duty” (Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 585 [1994]). In this case the cause of action that the plaintiff asks the court to recognize would require insurance brokers to substitute their judgment of a policy’s beneficiaries for that of the insured. The court finds this would be too great a burden to impose on insurance brokers, and that it would displace an insured as the best arbiter of his or her beneficiaries. Accordingly, this court declines to recognize the cause of action sought by the plaintiff.
The motion to dismiss for failure to state a cause of action is, therefore, granted. The cross motion to amend the pleadings is denied on the grounds that the proposed amended complaint fails to state a cause of action.