Elizabeth Katchalova, Appellant, v Eugene Perchikov et al., Defendants, and Union Central Life Insurance Company et al., Respondents. [842 NYS2d 471]—

In an action, inter alia, to recover damages for wrongful death and pain and suffering, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Jackson, J.), dated March 15, 2006, which, among other things, granted the motion of the defendants Union Central Life Insurance Company and John Hancock Life Insurance Company, and the separate motion of

the defendants Chase Insurance Agency, Inc., and John M. Clancy, for summary judgment dismissing the causes of action alleging wrongful death and pain and suffering asserted against them, respectively, (2) from an order of the same court dated March 31, 2006, which denied as academic her motion for an extension of time to complete discovery and to file a note of issue, and (3) from so much of an order of the same court dated October 27, 2006, as (a) upon reargument, in effect, adhered to stated portions of the original determination in the order dated March 15, 2006, and (b) upon renewal and reargument of her motion for an extension of time to complete discovery and to file a note of issue, granted the motion for an extension of time to complete discovery and to file a note of issue only to the extent of directing all parties to appear for a preliminary conference on December 6, 2006.

Ordered that the appeals from the orders dated March 15, 2006 and March 31, 2006 are dismissed, as those orders were superseded by the order dated October 27, 2006; and it is further,

Ordered that the appeal from so much of the order dated October 27, 2006, as, upon renewal and reargument, granted the plaintiff's motion for an extension of time to complete discovery and to file a note of issue only to the extent of directing all parties to appear for a preliminary conference on December 6, 2006, is dismissed as academic; and it is further,

Ordered that the order dated October 27, 2006 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff, as personal representative of and administratrix of the estate of Laryssa Vasserman, also known as Larysa Vasserman (hereinafter the decedent), commenced this action, inter alia, to recover damages for wrongful death and pain and suffering under a theory that the defendant insurance companies and insurance agents negligently issued life insurance policies to the decedent and thereby helped to bring about her death. The complaint alleged that the defendant Eugene Perchikov became intimate with the decedent and "importune[d]" her to apply for large amounts of life insurance naming him as the beneficiary. Perchikov accompanied the decedent to meet with various insurance agents, including the defendants Chase Insurance Agency, Inc. (hereinafter Chase), and its employee John M. Clancy, agents for the defendant John Hancock Life Insurance Company (hereinafter John Hancock), and served as her translator during the various application processes for life insurance policies. During the application processes, the

decedent misrepresented her income, her occupation, and her relationship with Perchikov. After procuring one million dollar life insurance policies from the defendants Union Central Life Insurance Company (hereinafter Union Central), John Hancock, and Metropolitan Life Insurance Company, Perchikov allegedly murdered the decedent in order to obtain the proceeds of the life insurance policies.

Union Central and John Hancock moved to dismiss the wrongful death and pain and suffering causes of action asserted against them premised on their alleged negligent issuance of the life insurance policies on the ground, inter alia, that New York does not recognize such a theory of recovery. Chase and Clancy separately moved to dismiss the wrongful death and pain and suffering causes of action asserted against them. The court granted the motions. We affirm.

The wrongful death and pain and suffering causes of action, premised upon the alleged negligent issuance of life insurance policies, fail to state a cause of action. New York does not presently recognize such a theory of recovery based on the negligent issuance of an insurance policy (*see Katchalova v Borger,* 7 Misc 3d 966 [2005]). Indeed, the circumstances of this case do not even fall under any of the scenarios pursuant to which other jurisdictions have recognized such a theory of recovery (*see Katchalova v Borger, supra; Bajwa v Metropolitan Life Ins. Co.,* 208 Ill 2d 414, 804 NE2d 519 [2004]; *Bacon v Federal Kemper Life Assur. Co.,* 400 Mass 850, 512 NE2d 941 [1987]; *Life Ins. Co. of Georgia v Lopez,* 443 So 2d 947, 948 [Fla 1983]; *Burton v John Hancock Mut. Life Ins. Co.,* 164 Ga App 592, 298 SE2d 575 [1982]; *Ramey v Carolina Life Ins. Co.,* 244 SC 16, 135 SE2d 362 [1964]; *Liberty Natl. Life Ins. Co. v Weldon,* 267 Ala 171, 100 So 2d 696 [1957]). Thus, the plaintiff seeks to recover pursuant to a theory of negligent issuance of an insurance policy under circumstances in which no other court has recognized such a claim. We decline to recognize such a claim in this case.

Contrary to the plaintiff's contention, further discovery is not required. Even taking the facts as alleged by the plaintiff in her complaint to be true, and providing her with every favorable inference which reasonably may be drawn therefrom (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the subject claims cannot be sustained.

The plaintiff's further contention that the motions for summary judgment should have been denied because the motion papers failed to include copies of the answer (*see* CPLR 3212 [b]) is improperly raised for the first time in her reply brief; hence, we decline to consider it (*see Culpepper v Allstate Ins.*

*Co.,* 31 AD3d 490 [2006]; *Williams v City of White Plains,* 6 AD3d 609 [2004]; *Patino v Lockformer Co.,* 303 AD2d 731, 733 [2003]; *Panzella v Shop Rite Supermarkets,* 238 AD2d 490 [1997]).

Pursuant to an order dated December 6, 2006, the Supreme Court extended the time by which discovery must be completed until August 31, 2007, and the time to file a note of issue was extended to September 28, 2007. In light of this order, the plaintiff correctly concedes that the portion of her appeal which relates to the court's determination of her motion for an extension of time to complete discovery and to file a note of issue has been rendered academic.

The parties' remaining contentions either are without merit or need not be reached in view of the foregoing. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.